CLERK'S COPY

FILED
IN THE UNITED STATES DISTRICT COURT AT ALBUQUERQUE NM
FOR THE DISTRICT OF NEW MEXICO
JUN - 7 2000

ROBERT M. MARCH
CLERK

ALVA HENKE,

    Plaintiff-Movant,

v.    No. CIV-00-0811 JC/RLP

STATE OF IDAHO, CORRECTIONS
CORPORATION OF AMERICA, ALL
PRISONER TRANSPORT AGENCIES,
ALL PRISONER EXTRADITION
SERVICES AND DEFENDANTS
X, Y, AND Z,

    Defendants-Respondents.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(a), to review Plaintiff-Movant's "Motion for Emergency Preventive Injunction," construed herein as a complaint under 42 U.S.C. § 1983 for injunctive relief (the "complaint"). Plaintiff is incarcerated and appears pro se. No filing fee has been paid. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." Furthermore, under 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In reviewing Plaintiff's pro se complaint, the Court applies the same

legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that certain types of restraints used by Defendants while transporting prisoners cause pain and injury to the prisoners. Plaintiff claims the use of these restraints violates his rights under the Eighth Amendment. He expects to be transferred back to Idaho in July and seeks an injunction prohibiting further use of the restraints.

The complaint makes no allegation that Plaintiff has exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). The Court of Appeals for the Tenth Circuit has stated that if administrative remedies are available, as in cases where injunctive relief is sought, exhaustion is mandatory. *Miller v. Menghini*, --- F.3d ---, 2000 WL 639688, at *1 (10th Cir. 2000); *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir. 1997). Because Plaintiff has not complied with this statute, the complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff may proceed under 28 U.S.C. § 1915, and the initial payment is WAIVED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED without prejudice for failure to exhaust administrative remedies, and this action is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE